IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN C. GRIMBERG CO., INC. | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-2586 |
| | : | |
| NUDURA CORPORATION, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this construction law case is the motion of John C. Grimberg, Co., Inc. ("Grimberg") for entry of final judgment as to Defendants Nudura Corporation, Nudura Systems, Inc., and Tremco Construction Products Group, Inc. (collectively "Nudura"). (ECF No. 141). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I. Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 116, at 2-7). On March 20, 2025, this court issued an order entering summary judgment in favor of Nudura on Counts I, II, III, IV, V, VI, VII, and XI of the amended complaint. (ECF No. 117). This court denied reconsideration of the order on October 9, 2025. (ECF No. 137).

Grimberg filed a motion for entry of final judgment as to Nudura on November 14, 2025. (ECF No. 141). Nudura filed a response on December 1, 2025, (ECF No. 142), and Grimberg filed a reply on December 15, 2025, (ECF No. 143).

## II.  Standard of Review

Grimberg's motion is governed by Fed.R.Civ.P 54(b), which allows for judgment on multiple claims or involving multiple parties. In relevant part,

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b). As contemplated in the language of the Rule, there are two prerequisites: there must be a "final judgment," and the court must determine that there is "no just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). In determining if there is a final judgment, the Supreme Court of the United States counsels that it "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id*. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

2

After determining that there is a final judgment, the court must consider if there is "no just reason for delay."  "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in [a] setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8.  In the years since the Supreme Court's pronouncement in *Curtiss-Wright*, the United States Court of Appeals for the Fourth Circuit has enumerated multiple factors for consideration in the analysis:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335-36 (4th Cir. 1993).

Rule 54(b) certification should not be "granted routinely," nor "as an accommodation to counsel." *Id*. at 1335.  The court must take care to prevent piecemeal appeals, while considering the risk of undue hardship to litigants. *Id*.  District courts must

include their findings justifying a Rule 54(b) decision on the record or in the order. *Id.* at 1336.

## III. Analysis

Grimberg asks the court to direct entry of a final judgment as to Nudura following entry of summary judgment in Nudura's favor. (ECF No. 141-1, at 1). Grimberg also asks the court to "stay the remainder of the underlying action that is currently pending against defaulted Defendant Progressive Construction Solutions Group, LLC d/b/a The PCS Group and The PCS Group, LLC ('PCS') pending Grimberg's intended appeal" to the Fourth Circuit. (*Id.*). Nudura did not oppose either request. (ECF No. 142, at 1).

### A. Rule 54(b)

Considering the relevant factors, the court finds it appropriate to certify the summary judgment decision under Rule 54(b). The decision resolved all claims against Nudura, such that it constitutes a final judgment, and the court finds no just reason for delay.

### 1. Final Judgment

There has been a final judgment with respect to Nudura.

> "[A] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." [*Kinsale Ins. Co. v. JDBC Holdings, Inc.,* 31 F.4th 870, 873 (4th Cir. 2022)] (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A judgment is final where there is "an ultimate disposition of an

4

> individual claim entered in the court of a
> multiple claims action." *Id.* (quoting *MCI
> Constructors, LLC v. City of Greensboro*, 610
> F.3d 849, 855 (4th Cir. 2010)).

*Nationwide Prop. & Cas. Ins. Co. v. Fireline Corp.*, No. 20-cv-00684-JRR, 2024 WL 1096181, at *8 (D.Md. Mar. 13, 2024).

The court previously granted summary judgment to Nudura on Counts I, II, III, IV, V, VI, VII, and XI, and ordered that judgment was entered in favor of Nudura on those same counts. (ECF No. 117, at 1-2). While the "label that a district court attaches to an order it issues does not control," *Nationwide Prop. & Cas. Ins. Co.*, 2024 WL 1096181, at *8 (quoting *Kinsale Ins. Co.*, 31 F.4th at 873-74), the summary judgment order adjudicated all claims against Nudura on the merits. The only remaining counts in the case are the counts against PCS, which has had a default entered against it. (ECF No. 24). Because there is nothing more for either Nudura or Grimberg to do to determine Nudura's status in this litigation, this constitutes a final judgment for purposes of Rule 54(b).

## 2.  No Just Reason for Delay

The court considers the five factors outlined in *Braswell Shipyards* to determine if there is "no just reason for delay." 2 F.3d at 1335-36.

First, considering the relationship between the adjudicated and unadjudicated claims, there is one count in the amended complaint that is brought against both PCS and Nudura. Count XI

5

is a negligence claim brought against PCS and Nudura "as joint tortfeasors," (ECF No. 38, at 60), which alleges that the two Defendants "owed Plaintiff a duty to ensure that the ICF wall system at the Project was installed in an appropriate manner," and that they "negligently breached their duties of care by improperly designing and installing the ICF walls." (*Id.* at 61). As evidenced by the court's ability to grant summary judgment to Nudura on all the relevant claims, however, Nudura's liability is not inherently linked to PCS' liability. It is possible for one party to breach its duty of care independent of the other party. Grimberg had relationships with both PCS and Nudura, even bringing breach of contract claims separately against both parties, and ten of the eleven counts in the amended complaint are brought against one or the other. (*Id.* at 44-60). This factor weighs in favor of certification, as appealing the decision with respect to Nudura will provide greater clarity for the relevant counts.

Additionally, Grimberg's point is well taken that their requested relief avoids a possible *Frow* doctrine problem. Generally, under the *Frow* doctrine, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Wright & Miller's Federal Practice & Procedure §

2690 (4th ed. 2025) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). Grimberg asserts that it cannot currently bring a motion for entry of default judgment against PCS because of the *Frow* doctrine. (ECF No. 141-1, at 8); *see, e.g., J&J Sports Prods., Inc. v. Glanville, Inc.*, No. 18-cv-568-ELH, 2019 WL 285954, at *3-4 (D.Md. Jan. 18, 2019) (declining to enter a default judgment when a second defendant alleged to be jointly and severally liable had not had a chance to participate in the case). Nudura counters that the questions pertaining to each party are sufficiently separate, and "[w]here each defendant is potentially liable to the plaintiff based upon his own actions only, there is no possibility for inconsistent results." (ECF No. 142, at 3) (citing *Diggs v. Balogun*, No. 15-cv-0535-TDC, 2017 WL 4921690, at *6 (D.Md. Oct. 31, 2017)). Because there is no pending motion for a default judgment, there is no need for the court to determine the *Frow* doctrine's impact on this specific scenario. Grimberg is correct, however, that granting the Rule 54(b) motion now allows the court to avoid "the procedural quandary surrounding *Frow*." (ECF No. 143, at 2). *See Jefferson v. Briner*, 461 F.Supp.2d 430, 434 (E.D.Va. 2006) ("logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment are to be

avoided."). Accordingly, this further weighs in favor of finding "no just reason for delay."

Second, the court considers the possibility that the need for review may be mooted by further development in the district court. The court granted summary judgment to Nudura and PCS has defaulted, so the only remaining action expected is for Grimberg to seek a default judgment against PCS. Litigation in the district court has ended for Nudura, so the parties can litigate on appeal without concern that additional proceedings in district court could address the same matter. This factor weighs in favor of finding no just reason for delay.

Third, the court considers the possibility that the appellate court may have to review the same issue a second time. Grimberg seeks to appeal a decision granting summary judgment to Nudura, where this court found that there was "no genuine dispute as to any material fact and [Nudura was] entitled to judgment as a matter of law." (*See* ECF No. 116, at 9 (citing Fed.R.Civ.P. 56(a))). If the case were to proceed to a jury trial and be appealed again, the Fourth Circuit would not be asked to re-consider if there was "a genuine dispute as to a material fact." This factor weighs in favor of certification. *See Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000) (finding Rule 54(b) certification

appropriate where "[t]he central question raised on appeal . . .
is a pure question of law").

The fourth factor is the presence of a claim or counterclaim
that could result in a set-off against the judgment that the
parties are seeking to make final.  There are no counterclaims in
this case, so this factor weighs in favor of certification.  *See
Bobb v. FinePoints Priv. Duty Healthcare, LLC*, 794 F.Supp.3d 343,
363-364 ("There are no counterclaims which would result in a set-
off against the judgment, so that, too, weighs in favor of a Rule
54(b) certification.").

Fifth, "miscellaneous factors such as delay, economic and
solvency considerations, shortening the time of trial, frivolity
of competing claims, expense, and the like."  *Braswell Shipyards,
Inc.*, 2 F.3d at 1335-36.  Neither party argues that any of the
enumerated concerns are present here.  Rather, Grimberg argues it
would be harmed by having to seek a default judgment before
appealing the decision in Nudura's favor.  In support of its
motion, Grimberg asserts that there are factual questions common
to both Nudura and PCS, such that it would be harmed by having to
seek a default judgment against PCS before taking an appeal of the
order granting summary judgment to Nudura.  (ECF No. 141-1, at 8-
9).  Specifically, Grimberg cites concerns about any default
judgment's impact on a future jury trial.  (ECF No. 141-1, at 9).

While the court makes no finding that Grimberg would actually be
harmed by theoretical evidentiary rulings in a possible trial,[1]
Nudura makes no argument that they would be harmed by an immediate
appeal. (ECF No. 142, at 1). It is unlikely that PCS would suffer
any hardship, as it has not entered an appearance or participated
in this litigation at all. (ECF No. 24). Because the parties are
requesting certification of a judgment adjudicating all claims
against the only defendant participating in this case,
certification is appropriate and will be granted.

**B.  Staying the Case Against PCS**

The court must next consider Grimberg's request to stay the
case against PCS while Grimberg takes its appeal. "[T]he power to
stay proceedings is incidental to the power in every court to
control the disposition of the causes on its docket with economy
of time and effort for itself, for counsel, and for litigants."
*Int'l Refugee Assistance Project v. Trump*, 323 F.Supp.3d 726, 730
(D.Md. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254
(1936)). In considering a motion to stay, the court must "balance
the various factors relevant to the expeditious and comprehensive
disposition of the causes of action on the court's docket." *United
States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).

---

[1] Questions regarding the admissibility of a judgment are best
dealt with via a motion *in limine* before trial.

Courts have developed a three-part test to assist in the weighing of those factors.

> When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Int'l Refugee Assistance Project*, 323 F.Supp.3d at 731.

Weighing the three factors outlined above, a stay is appropriate in this case. First, in terms of judicial economy, this case is very nearly at its end. One defendant has been granted summary judgment on all the counts against it, and the other is in default. Grimberg has the option to move for a default judgment against PCS, but Nudura would remain in the same position regardless. It will not complicate any issues to stay the case in its current posture.

Second, Grimberg argues that it will suffer hardship if the case is not stayed, largely for the same reasons it argues the judgment should be certified. If the decision "were to be overturned on appeal — and Grimberg had proved up a default judgment against PCS in the meantime — there would be no opportunity for any party to present a jury with the *intertwined*

11

issues of fault as between Nudura and PCS." (ECF No. 141-1, at 9). As mentioned above, the default judgment's role in the trial could be discussed in future pre-trial briefing if necessary, but it is not immediately clear that this fear is warranted. Grimberg could seek to exclude the fact of the default judgment from the trial, while still discussing PCS' role in the construction. Grimberg also argues that it would be unfairly limited to the damages it was able to plead when moving for default judgment. (*Id.*) Grimberg does not clarify how it would avoid that clear rule following a trial, assuming PCS would still be in default. *See* Fed.R.Civ.P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). These arguments of hardship are tenuous but ultimately weigh toward a stay in this case.

Finally, there is no potential damage or prejudice to the non-moving parties. The non-moving parties in this case are Nudura and PCS. Nudura has consented to the motion, (ECF No. 142, at 1), and any stay is a period that PCS will not have a default judgment against it. The only party that a stay could theoretically harm is Grimberg, as it will not be able to execute on any judgment against PCS until it has the default judgment. Given that Grimberg is the moving party, this factor weighs in favor of a stay.

12

The court will stay the case against PCS while Grimberg appeals the earlier summary judgment motion.

**IV.  Conclusion**

For the foregoing reasons, Grimberg's motion for entry of final judgment as to Nudura will be granted, and this case will be stayed.  A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
